IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:18-cr-276-ECM |
| | ) | (WO) |
| DAREN WILSON | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Defendant's *pro se* motion styled "motion seeking compassion release" (doc. 88) but what he seeks is placement in home confinement pursuant to the CARES Act. *See* Coronavirus Aid, Relief, Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020. "[A] request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release." *United States v. Allen*, 2020 WL 2199626 (S.D. Ga. May 6, 2020). Citing to the CARES Act, and an April 3, 2020 memorandum from the Attorney General, the Defendant seeks release to home confinement.

The decision to release inmates on home confinement rests with the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c)(2)(the BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). The Attorney General, exercising emergency authority granted to him by the CARES Act, expanded the class of inmates that can be considered for home confinement due to the national emergency declared by the President as the result of the outbreak of Coronavirus Disease 2019 (COVID-19). *See* Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020,

https://www.justice.gov/file/1266661/download (last accessed July 10, 2020). The BOP has authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541 to effectuate the Attorney General's instruction. While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an order. *See Allen,* 2020 WL 2199626 at 1; *United States v. Daniels*, 2020 WL 1938973, *2 (N.D. Ala. Apr. 22, 2020). The Court concludes that "under the CARES Act, the BOP, through the Attorney General's delegation, retains the "exclusive authority and sole discretion to designate the place of an inmate's confinement," including home confinement." *Id.* Thus, this Court has no authority to order the BOP to change the Defendant's current place of incarceration.

Wilson also seeks a reduction in sentence, pursuant to 18 U.S.C. § 3582(a)(1)(A), in which he asserts there are extraordinary and compelling circumstances to reduce his sentence. Specifically, Wilson alleges that he has been diagnosed with COVID-19 but has not received medical treatment for this condition. (Doc. 88 at 2).

Under § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Although Wilson alleges that he sent forms for medical treatment, he presents nothing to demonstrate that he has exhausted his administrative remedies, and, thus his motion for reduction of

sentence is due to be denied for his failure to exhaust his administrative remedies. Thus his motion for reduction of sentence is due to be denied without prejudice due to his failure to exhaust.  Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion (doc. 88) is DENIED.

DONE this 10th day of July, 2020.

                                              /s/ Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE